JACOBS, by Guardian *ad litem,* and another, Plaintiffs and Respondents, v. GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., and another, Defendants and Respondents: PICKINS, Impleaded Defendant and Respondent: BADGER MUTUAL INSURANCE COMPANY and another, Defendants and Appellants.

TOLIVER, by Guardian *ad litem,* and another, Plaintiffs and Respondents, v. GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., and another, Defendants and Respondents: BADGER MUTUAL INSURANCE COMPANY and another, Defendants and Appellants: PICKINS, Impleaded Defendant and Respondent.

*May 2—June 6, 1961.*

For the appellants there was a brief by *Hoffman, Cannon, McLaughlin & Herbon,* attorneys, and *Ellis R. Herbon* and *Peter W. Bunde* of counsel, all of Milwaukee, and oral argument by *Mr. Bunde.*

For the respondents there was a brief by *Arnold, Philipp, Murray & O'Neill,* attorneys, and *James P. O'Neill* of counsel, all of Milwaukee, and oral argument by *James P. O'Neill.*

FAIRCHILD, J. Presumably plaintiffs will attempt to establish that negligence of Flood was a cause of the minor plaintiffs' injuries as alleged. If successful, plaintiffs will be entitled to judgment, against appellants, for their damages, reduced by one half by virtue of the provisions of the releases given to respondents Hooker and his insurer. (No contributory negligence was alleged.) In that event, appellants will not have to pay any more than if respondents had remained in the case and had remained liable for contribution. To the extent that appellants' cross complaint was based on a

claim for contribution, it was properly dismissed.[1] Appellants contend, however, that if they can establish that gross negligence on Hooker's part was a cause of minor plaintiffs' injuries, appellants will be entitled to full indemnity from respondents for any amount appellants are required to pay plaintiffs. Therefore, appellants say, the circuit court erred in dismissing their cross complaint.

In *Martell v. Klingman* (1960), 11 Wis. (2d) 296, 105 N. W. (2d) 446, the jury had found causal gross negligence on the part of one driver and causal ordinary negligence on the part of the other. The circuit court denied the second driver's alternative request for judgment of indemnity against the driver guilty of gross negligence. Although asked to review that denial, we did not consider the question because we determined that the finding of causal ordinary negligence was not sustained by the evidence. Assuming that Flood was liable to plaintiffs for causal ordinary negligence and Hooker for causal gross negligence, the same question as to indemnity is now squarely presented.

States differ in their classification and treatment of gross negligence, in their rules for contribution and indemnity, and in their treatment of contributory negligence. All these policy matters bear directly or indirectly upon the question before us.

Where two or more persons sustain a common liability to a plaintiff because the fault of each has combined or concurred in causing damage, one basic problem is the extent to which, and formula by which, the ultimate burden of payment ought to be distributed among the persons liable. Wisconsin has followed certain rules:

A person who pays plaintiff a liability arising out of his negligence has a right to contribution from another who sus-

---

[1] *Heimbach v. Hagen* (1957), 1 Wis. (2d) 294, 83 N. W. (2d) 710.

tained a common liability to plaintiff arising out of his negligence.[2]

A person whose liability to plaintiff arose from his intentional wrong is not entitled to contribution.[3]

Gross negligence falls in the field of intentional wrong, the intent involved being actual or constructive.[4]

A person whose liability to plaintiff arose out of his gross negligence is not entitled to contribution from another.[5]

This court has stated that a person whose liability to plaintiff arose out of his negligence has a right to contribution from one whose common liability to plaintiff arose out of his gross negligence.[6] This proposition may suggest that the person whose liability to plaintiff arose out of negligence is not entitled to the greater relief of indemnity from one whose liability arose out of gross negligence, but the claim for indemnity under these circumstances has not been made and decided.

Where contribution is permitted, the burden is apportioned equally to all who have common liability to plaintiff (leaving aside any problem resulting from lack of financial responsibility). The sharing of the burden is not adjusted to reflect any comparison of the causal negligence.[7]

Since 1931, sec. 331.045, Stats., has provided that if the injured person's negligence is less than that of the defendant,

---

[2] *Ellis v. Chicago & N. W. R. Co.* (1918), 167 Wis. 392, 409, 167 N. W. 1048.

[3] *Zurn v. Whatley* (1933), 213 Wis. 365, 372, 251 N. W. 435.

[4] *Bentson v. Brown* (1926), 191 Wis. 460, 463, 211 N. W. 132; *Zurn v. Whatley, supra,* footnote 3, page 372; *Wedel v. Klein* (1938), 229 Wis. 419, 422, 282 N. W. 606; and *Ayala v. Farmers Mut. Automobile Ins. Co.* (1956), 272 Wis. 629, 637, 76 N. W. (2d) 563.

[5] *Wedel v. Klein, supra,* footnote 4, page 423; *Ayala v. Farmers Mut. Automobile Ins. Co., supra,* footnote 4, page 642.

[6] *Ayala v. Farmers Mut. Automobile Ins. Co., supra,* footnote 4, page 642.

[7] *Wedel v. Klein, supra,* footnote 4, page 425.

it will not bar recovery, but recovery will be diminished in proportion.

Where defendant is grossly negligent, whether plaintiff is contributorily negligent is immaterial.[8]

Some seven years after Wisconsin adopted the doctrine of comparative negligence as between plaintiff and defendant, it was contended before this court that the doctrine had destroyed the reason for the concept of gross negligence, and that the distinction between gross negligence and negligence should be discarded. It was further contended that contribution between the persons owing a common liability to plaintiff should be based upon comparison of negligence. These suggestions were rejected.[9]

Appellants urge us to adopt a rule that where the negligence of one tort-feasor and the gross negligence of another concur in causing injury for which there is a common liability to a plaintiff, the negligent tort-feasor may have indemnity against the grossly negligent one. Assuming that both are able to pay, the burden would be imposed entirely on the latter, whether plaintiffs chose to collect from him initially or not. It is argued that Flood and Hooker are not *in pari delicto,* and that the difference in culpability between negligence and gross negligence justifies imposing the full burden of compensating plaintiffs on Hooker and his insurer.

Appellants' claim is not entirely illogical, and is supported by the statements of two writers although we do not find decisions squarely in point. If a plaintiff makes the initial collection from the grossly negligent tort-feasor, no part of the burden can be shifted to another under a rule recognized in Wisconsin and previously stated. There is some logic in saying that if the plaintiff makes collection

[8] *Tomasik v. Lanferman* (1931), 206 Wis. 94, 238 N. W. 857.
[9] *Wedel v. Klein, supra,* footnote 4, page 425.

from the negligent tort-feasor, the negligent tort-feasor should be able to produce the same result as in the other case by shifting the entire burden (rather than only one half of it) to the grossly negligent one. If we grant contribution but deny indemnity in the latter situation, we are leaving it up to the plaintiff to determine whether the negligent tort-feasor will bear one half, or none of the burden, and whether the grossly negligent tort-feasor will bear one half, or all of it. It should be pointed out, however, that the situation will not always be presented in the simplest form. If a plaintiff were also causally negligent, under present rules he could recover a larger amount from the grossly negligent tort-feasor than from the negligent tort-feasor. The rule for which appellants contend would also be consistent with the rule which permits a negligent plaintiff to impose the entire burden on a grossly negligent defendant.

Dean Keeton has written that "an intentional wrongdoer is obligated to indemnify a negligent tort-feasor who is also liable to the claimant; . . . It is, I believe, fairly safe to say that one who is guilty of only ordinary negligence will be entitled to indemnity against one guilty of recklessness or gross negligence." [10] He cites only one case. [11] The decision cited, like the Wisconsin decisions, *Wedel* and *Ayala, supra,* footnote 4, does not treat with the question of indemnity but holds that the grossly negligent party is not entitled to contribution.

Dean Prosser has also stated that there is considerable authority that one who has been merely negligent has obtained indemnity from another who has been guilty of intentional, wrongful, or reckless conduct. [12]

[10] 27 Insurance Counsel Journal (Oct. 1960), Contribution and Indemnity Among Tort-feasors, pp. 630, 631.

[11] *Hardware Mut. Casualty Co. v. Danberry* (1951), 234 Minn. 391, 48 N. W. (2d) 567.

[12] Prosser, Law of Torts (2d ed.), Causation and Joint Torts, pp. 218, 251, sec. 46.

Two decisions are cited. As we read them, one [13] holds that where the negligence of two parties concurs in producing injury, the one who pays plaintiff cannot have contribution or indemnity from the other. The other [14] involved a collision between two trains. Plaintiff's engineer may have been negligent, but defendant's engineer was guilty of reckless and wanton disregard of safety of plaintiff's train and its occupants. Plaintiff had settled with its injured passengers and was granted recovery. The court said, however, that there had been correspondence between them under which plaintiff was authorized to settle "for the company at fault" and the law implied a promise to reimburse plaintiff if defendant were liable.

Appellants also cite Restatement, Restitution, p. 421, sec. 97, as follows:

"A person whose negligent conduct combined with the reckless or intentionally wrongful conduct of another has resulted in injury for which both have become liable in tort to a third person is entitled to indemnity from the other for expenditures properly made in the discharge of such liability, if the other knew of the peril and could have averted the harm at a time when the negligent tort-feasor could not have done so."

The title of sec. 97 and the comments and illustrations thereto, however, make it plain that it is not authority for indemnity in the type of situation before us. The section is entitled "Negligence Followed by Another's Intentional or Reckless Misconduct." It deals with situations where a dangerous situation has arisen out of the negligence of one tort-feasor and the second tort-feasor (who is held liable

---

[13] *Illinois Central R. Co. v. Louisville Bridge Co.* (1916), 171 Ky. 445, 188 S. W. 476.

[14] *Missouri, K. & T. R. Co. v. Missouri Pac. R. Co.* (1918), 103 Kan. 1, 175 Pac. 97.

for indemnity) acts recklessly with knowledge of the existing danger.

Except for the argument that a grant of indemnity against the grossly negligent tort-feasor would be consistent with the denial of contribution in his favor, as well as awarding full recovery from a grossly negligent defendant to a negligent plaintiff, and the statements of the writers referred to, we do not find authority supporting appellants' position.

The facts of this case do not fall into any of the type situations where indemnity has ordinarily been awarded. Here we have a liability for injury directly produced (allegedly) by the improper operation of cars by two drivers. One was morally more reprehensible because he was so reckless as to be deemed guilty of intentional wrong. Both violated the same type of duty to others, including each other, as well as plaintiffs. The liability-generating conduct of each was virtually simultaneous. No legal relationship existed between them before this occurrence.

Dean Prosser, in his Law of Torts (2d ed.), p. 250, sec. 46, lists the type situations where indemnity is ordinarily granted, in substance, as follows:

(1) Where the indemnitee "is held responsible solely by imputation of law because of his relation to the actual wrong-doer, as where an employer is vicariously liable for the tort of a servant, or an independent contractor."

(2) Where the indemnitee "is directed or employed by another to do an act not manifestly wrong, or is induced to act by the fraudulent representations of the other," and is held liable to a third party.

(3) Where the indemnitee has incurred liability to a third person by reason of negligent reliance upon the care which should have been exercised by a supplier of goods or a contractor making improvements and repairs.

(4) Where the indemnitee "was under only a secondary duty where another was primarily responsible, as where a

municipal corporation, held liable for failure to keep its streets in safe condition, seeks recovery from the person who created the condition or a property owner who permitted it; or an owner of land held liable for injury received upon it sues the wrongdoer who created the hazard."

A somewhat-similar listing of situations where indemnity will be granted in Minnesota appears in a recent opinion of the supreme court of Minnesota.[15]

Many of the decisions have said that the parties were not *"in pari delicto"* and such language might suggest that an indemnity would be granted where the indemnitor's conduct was more morally reprehensible than the indemnitee's.[16] Nevertheless, when one examines the facts involved in the various decisions cited, it seems that the courts have been mainly concerned with differentiating so-called primary from secondary liability,[17] active from passive negligence,[18] and vicarious liability from liability arising out of one's personal fault.[19]

[15] *Hendrickson v. Minnesota Power & Light Co.* (Minn. 1960), 104 N. W. (2d) 843, 848.

[16] 27 Insurance Counsel Journal, *supra,* footnote 10; 27 Am. Jur., Indemnity, p. 468, sec. 18; 42 C. J. S., Indemnity, p. 606, sec. 27; *Lawrence v. Great Northern R. Co.* (Minn. 1952), 109 Fed. Supp. 552; *McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co.* (Mo. 1959), 323 S. W. (2d) 788, 793; *Bush Terminal Bldgs. Co. v. Luckenbach Steamship Co.* (1960), 202 N. Y. Supp. (2d) 172.

[17] *Builders Supply Co. v. McCabe* (1951), 366 Pa. 322, 77 Atl. (2d) 368, 371.

[18] *Lawrence v. Great Northern R. Co., supra,* footnote 16.

[19] *McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co., supra,* footnote 16; *Bush Terminal Bldgs. Co. v. Luckenbach Steamship Co., supra,* footnote 16. See Leflar, Contribution and Indemnity Between Tort-feasors (1932), 81 University of Pennsylvania Law Review, 130, 146.

Dean Prosser has summarized with respect to the indemnity problem as follows: [20]

"Probably, as is so often the case in the law of torts, no one explanation can be found which will cover all of the cases; and the duty to indemnify, like so many other duties, arises where community opinion would consider that in justice the responsibility should rest upon one tort-feasor rather than another."

It should be noted that much of the law of indemnity was created by the courts in jurisdictions where contribution between tort-feasors was not allowed even in favor of negligent tort-feasors. It has been suggested that in such jurisdictions the courts may have been motivated more favorably toward indemnity than they would have been if contribution had been available so that the burden could be distributed rather than completely shifted.[21]

As suggested by Dean Prosser, the granting of indemnity in any situation represents a judicial choice of policy. We decide that in a case like the present one, where there is no distinction between the tort-feasors with respect to the causal relationship between their conduct and the injury, the negligent tort-feasor is not entitled to indemnity from the grossly negligent one.

We are persuaded in this choice by the following propositions:

(1) That it seems undesirable, at least in automobile accident situations, to extend the effect of the distinction

---

[20] Prosser, Law of Torts, *supra,* footnote 12.

[21] Bohlen, Contribution and Indemnity Between Tort-feasors (1936), 21 Cornell Law Quarterly, 552, 554; Hodges, Contribution and Indemnity Among Tort-feasors (1947), 26 Texas Law Review, 150, 152.

between gross and simple negligence beyond those effects already recognized;

(2) That a rule allowing indemnity in this situation would tend to increase or prolong automobile personal-injury litigation because of the advantage one defendant would hope to gain by showing that another defendant was guilty of gross negligence;

(3) That a plaintiff in a case like the present is more likely to be able to settle part of his claim if he is able to give a release, as here, which fixes the recovery from one defendant without the acquiescence of the other;

(4) That our courts have not considered it necessary or practicable to attempt to allocate the burden of an injury among all whose acts have caused it, in precise proportion to gravity of fault. For example, the present rule provides an equal division of the burden among negligent tortfeasors rather than apportionment according to their respective negligence;

(5) That there is no fundamental injustice in imposing some portion of the burden of compensation for an injury upon one whose negligence has directly contributed to causing it, even though another's gross negligence has also contributed.

*By the Court.*—Order affirmed.

HALLOWS, J., took no part.