PACHOWITZ, Plaintiff, v. MILWAUKEE & SUBURBAN TRANSPORT CORPORATION, Defendant and Third-Party Plaintiff and Appellant: CITY OF MILWAUKEE, Third-Party Defendant and Respondent.

*No. 318. Argued October 30, 1972.—Decided November 28, 1972.*
(Also reported in 202 N. W. 2d 268.)

For the appellant there were briefs by *Kivett & Kasdorf*, attorneys, and *Harold A. Dall* and *James R. Gass* of counsel, all of Milwaukee, and oral argument by *Nonald J. Lewis* of Milwaukee.

For the respondent there was a brief and oral argument by *Joseph H. McGinn,* principal assistant city attorney.

ROBERT W. HANSEN, J. The transport company invites this court to do two things: (1) Recognize a difference between "active" and "passive" negligence, not as to causation of injury, but as to responsibility for it; and (2) create a right to full indemnity on the part of one whose negligence contributed to an injury, if such negligence was "passive," as against a tort-feasor whose negligence contributed to the injury and was "active." The invitation is declined.

If the transport company were found to be 95 percent negligent, and the city 5 percent negligent, under its cause of action for contribution, the transport company would recover from the city 5 percent of the total award of damages. However, under its cause of action for indemnity, the transport company would have a right to 100 percent reimbursement against the city in such a 95/5 situation if it could establish that its negligence was "passive" while the negligence of the city was "active."

Such an all-or-nothing result between negligent co-tort-feasors would be contrary to the Wisconsin concept of imposing liability and awarding recovery in proportion to the percentage of causal negligence attributable to each of the co-tort-feasors. In 1913, the Wisconsin legislature rejected the all-or-nothing doctrine of contributory negligence, and enacted in its stead one of the nation's first comparative-negligence statutes.[1] In 1918, this court recognized the right of contribution on a pro rata or equal basis, rejecting an all-or-nothing approach to allocating liability among co-tort-feasors.[2] In the

[1] Now sec. 895.045, Stats.
[2] *Ellis v. Chicago & N. W. Ry. Co.* (1918), 167 Wis. 392, 167 N. W. 1048.

landmark case in this state in this field, this court adopted comparative negligence as the sole measure of contribution between co-tort-feasors.[3] The all-from-one and nothing-from-the-other result of granting a right to full indemnity to a co-tort-feasor found "passively" negligent as against one found "actively" negligent would derail the long-term progress which presently provides contribution between co-tort-feasors based on their comparative negligence.

The granting of indemnity ". . . in any situation represents a judicial choice of policy. . . ."[4] Even before *Bielski*, this court held that a tort-feasor found guilty of ordinary negligence is not entitled to indemnity from one found guilty of gross negligence.[5] In *Jacobs*, it was noted that ". . . much of the law of indemnity was created by the courts in jurisdictions where contribution between tort-feasors was not allowed . . . ."[6] It was further noted that ". . . in such jurisdictions the courts may have been motivated more favorably toward indemnity than they would have been if contribution had been available so that the burden could be distributed rather than completely shifted."[7]

The full commitment of *Bielski* to contribution between joint tort-feasors on a comparative-negligence basis is clear, this court there stating: "If the doctrine is to do equity, there is no reason in logic or in natural justice why the shares of common liability of joint tort-feasors should not be translated into the percentage of the causal negligence which contributed to the injury. . . ."[8] Rejecting the 50-50 basis for contribution between joint tort-feasors, this court said in *Bielski:* ". . . It is dif-

[3] *Bielski v. Schulze* (1962), 16 Wis. 2d 1, 114 N. W. 2d 105.
[4] *Jacobs v. General Accident Fire & Life Assur. Corp.* (1961), 14 Wis. 2d 1, 11, 109 N. W. 2d 462.
[5] *Id.* at page 11.
[6] *Id.* at page 11.
[7] *Id.* at page 11.
[8] *Bielski v. Schulze, supra,* at page 9.

ficult to justify, either on a layman's sense of justice or on natural justice, why a joint tort-feasor . . . who is found five percent causally negligent should be required to pay 50 percent of the loss by way of reimbursement to the co-tort-feasor who is 95 percent negligent." [9]

We would find the same difficulty in requiring an "actively" negligent co-tort-feasor who is five percent causally negligent to pay 100 percent of the loss, excusing entirely from liability the "passively" negligent co-tort-feasor who is 95 percent negligent. A distinction can be made between "active negligence" [10] and "passive negligence." [11] But the dividing line is blurred. (It is difficult to see how it would be applicable to the claims of negligence involved in the case before us.) This court, in reaffirming the substantial-factor test in determining legal cause, rejected the passive-active distinction so far as the issue of causation is concerned, and showed little enthusiasm for the passive-active distinction. [12]

[9] *Id.* at page 9.

[10] 65 C. J. S., *Negligence*, p. 460, sec. 1 (14), stating: ". . . The term 'active negligence,' as properly used, denotes some positive act or some failure in a duty of operation which is the equivalent of a positive act, and has been defined as the omission of due care in affirmative action by a person in control, or negligence occurring in connection with activities conducted on the premises . . . ."

[11] *Id.* at page 460, stating: ". . . 'Passive negligence' denotes the failure to do something that should have been done; it is negligence which permits defects, obstacles or pitfalls to exist on premises, that is, negligence which causes dangers arising from the physical condition of land. . . ."

[12] *Milwaukee & Suburban Transport Corp. v. Royal Transit Co.* (1966), 29 Wis. 2d 620, 627, 139 N. W. 2d 595, quoting with approval Prosser, *Law of Torts* (hornbook series, 3d ed.), p. 286, sec. 49, including this comment: " 'Many courts have sought to distinguish between the active "cause" of the harm and the existing "conditions" upon which that cause operated. If the defendant has created only a passive, static condition which made the damage possible, he is said not to be liable. But so far as the fact of causation is concerned, in the sense of necessary ante-

However, it is not the difficulties of definition and application that lead us to reject entirely the suggestion that one found "passively" negligent should have a claim for full indemnity against a co-tort-feasor found "actively" negligent. In *Bielski,* this court struck down the long recognized distinction between "gross negligence" [13] and "ordinary negligence." [14] We there held that the distinction ". . . no longer fulfils a purpose in comparative negligence. . . ." [15] and that "[i]n the field of contribution and indemnity, the doctrine of gross negligence has worked inequitably. . . ." [16] This court there concluded that ". . . Only by abolishing the present concept of gross negligence and considering such conduct as ordinary negligence and treating it in terms of degree on a comparative basis can an equitable and fair result be reached in all cases. . . ." [17]

For the same reasons that the distinction between "gross" and "ordinary" negligence was abolished in *Bielski,* we now reject the invitation to establish a distinction between "passive" and "active" negligence as a basis for indemnity between co-tort-feasors. In so doing, in the words of *Bielski:*

---

cedents which have played an important part in producing the result, it is quite impossible to distinguish between active forces and passive situations, particularly since, as is invariably the case, the latter are the result of other active forces which have gone before. . . . "Cause" and "condition" still find occasional mention in the decisions; but the distinction is now almost entirely discredited.' "

[13] 57 Am. Jur. 2d, *Negligence,* p. 447, sec. 98, defines ordinary negligence as ". . . the failure to exercise such care as the great mass of mankind ordinarily exercises under the same or similar circumstances, or 'ordinary care.' . . ."

[14] 57 Am. Jur. 2d, *Negligence,* p. 447, sec. 99, defines gross negligence as ". . . very great negligence or as the want of even slight care, or 'slight diligence' . . . ."

[15] *Bielski v. Schulze, supra,* at page 17.

[16] *Id.* at page 17.

[17] *Id.* at pages 17, 18.

". . . Obviously, we are stressing the basic goal of the law of negligence, the equitable distribution of the loss in relation to the respective contribution of the faults causing it." [18]

*By the Court.*—Order affirmed, sustaining the demurrer of the city of Milwaukee to Milwaukee & Suburban Transport Corporation's cause of action for indemnity.