B & B AUTO SUPPLY, SAND PIT, AND TRUCKING COMPANY, Petitioner,

v.

CENTRAL FREIGHT LINES, INC., et al., Respondents.

No. B–8975.

Supreme Court of Texas.

July 23, 1980.

Rehearing Denied Sept. 12, 1980.

---

Evans & Moses, Steven C. Barkley, Beaumont, for petitioner.

Benckenstein & Norvell, Lipscomb Norvell, Jr., Beaumont, for respondents.

SPEARS, Justice.

The principal question in this case is whether in light of the policies behind the enactment of Tex.Rev.Civ.Stat.Ann. art. 2212a (Vernon),[1] a common law right of indemnity exists between joint tortfeasors in negligence cases. The court of civil appeals affirmed the trial court's holding that Central was entitled to common law indemnity over and against B & B because B & B breached a duty which it owed to Central. 588 S.W.2d 832. We reverse and remand the cause to the trial court for rendition of judgment in accordance with this opinion.

On September 9, 1977, a truck owned by Central Freight Lines jackknifed, crossed onto the other side of the road, and collided

---

[1] All statutory references are to Vernon's Texas Civil Statutes Annotated.

with a vehicle driven by plaintiff Pride. The accident occurred on State Highway 73 near the city limits of Port Arthur. A hard rain was falling at the time of the accident, and both vehicles were going approximately 35–40 miles per hour.

B & B Auto Supply, Sand Pit, and Trucking Co. operated a clay pit in the vicinity of the accident site. Trucks loaded with dirt leaving the pit deposited large chunks of clay, dirt, and debris on the roadway, and B & B had undertaken to clean up this material. Despite B & B's efforts, a considerable amount of material was still on the roadway at the time of the accident, and the highway was extremely slick.

Plaintiff Pride brought suit against Central and B & B, jointly and severally, and Central and B & B each sought indemnity and contribution from the other. The jury found that both Central and B & B were guilty of negligence which proximately caused the collision. In apportioning the negligence between Central and B & B the jury attributed 66⅔% of the negligence to Central and 33⅓% to B & B. The trial court rendered judgment against both defendants, jointly and severally, and granted Central complete indemnity over and against B & B.

### B & B's Application

■ B & B complains of that part of the trial court's judgment which granted Central complete indemnity. B & B contends that under the provisions of art. 2212a, Central has no right of common law indemnity. Instead, B & B argues that it is entitled to contribution of 66⅔% of plaintiff's damages. We agree.

Under the common law doctrine of indemnity, the tortfeasor who is entitled to indemnity receives total reimbursement from another tortfeasor for damages paid to plaintiff. Although it is not possible to state a single all-inclusive test for determining when one tortfeasor is entitled to indemnity over and against another tortfeasor, the right to indemnity usually arises when one tortfeasor has breached a duty owed to a co-tortfeasor. *See General Motors Corp. v. Simmons*, 558 S.W.2d 855, 859 (Tex.1977); *Austin Road Co. v. Pope*, 147 Tex. 430, 216 S.W.2d 563, 565 (1949). *See generally* Hodges, *Contribution and Indemnity Among Tortfeasors*, 26 Texas L.Rev. 150 (1947); Comment, *Comparative Causation, Indemnity, And The Allocation Of Losses Between Joint Tortfeasors In Products Liability Cases*, 10 St. Mary's L.J. 587, 588–90, 594–98 (1979).

Application of the doctrine of indemnity results in shifting the entire burden of loss from one tortfeasor to another. *See* Fisher, *Contribution and Indemnity Among Joint Tortfeasors*, 13 Tex.Trial Law F. 3, 3 (January–March 1979); Hodges, *supra*, at 150. This all or nothing aspect of indemnity is inconsistent with Texas' present system of comparative negligence as codified in art. 2212a. Under art. 2212a, damages are apportioned among tortfeasors in accordance with the percentage of negligence attributable to each tortfeasor:

> (b) In a case in which there is more than one defendant, and the claimant's negligence does not exceed the total negligence of all defendants, contribution to the damages awarded to the claimant shall be in proportion to the percentage of negligence attributable to each defendant.

> (c) Each defendant is jointly and severally liable for the entire amount of the judgment awarded the claimant, except that a defendant whose negligence is less than that of the claimant is liable to the claimant only for that portion of the judgment which represents the percentage of negligence attributable to him.

This language in § 2 of art. 2212a, providing for proportionate contribution, precludes the total shifting of ultimate responsibility to one tortfeasor under the common law doctrine of indemnity.[2]

Since the enactment of art. 2212a we have sought to abolish doctrines directed to

---

**2.** Unlike art. 2212, the original contribution statute, art. 2212a does not contain a provision which exempts from its scope cases in which common law indemnity is allowed.

the old choice of total victory and total defeat. *See, e. g., Parker v. Highland Park, Inc.,* 555 S.W.2d 512, 517 (Tex.1978) (doctrine of no duty abolished); *Davila v. Sanders,* 557 S.W.2d 770, 771 (Tex.1977) (per curiam) (doctrine of imminent peril abolished); *Farley v. M M Cattle Co.,* 529 S.W.2d 751, 758 (Tex.1975) (doctrine of assumption of the risk abolished). The policy underlying these decisions and the enactment of art. 2212a was to abolish traditional common law rules which required an all or nothing result and to return trials of negligence cases to tort concepts of negligence and comparative negligence. The common law doctrine of indemnity is yet another of these common law rules which results in shifting total responsibility for a tort from one party to another. Under art. 2212a, there is no longer any basis for requiring one tortfeasor to indemnify another tortfeasor when both have been found negligent and assessed a percentage of fault by the jury.

In discussing the need for a comparative fault system in which damages could be apportioned among defendants liable under differing tort theories, Dean Keeton has said:

> Consequently, where defendants are liable on differing tort theories, present indemnity rules between negligent tortfeasors should be abrogated in favor of an apportionment of damages based on *quantification* of fault; such an approach would parallel the current abolition of exceptions to the contributory negligence defense, such as last clear chance and discovered peril, under the new comparative negligence scheme. When two or more tortfeasors are at fault they should share the responsibility to some degree; *no one should be entirely responsible.* (emphasis added).

Keeton, *Torts, Annual Survey of Texas Law,* 32 Sw.L.J. 1, 13 (1978); *see* Hodges, *supra,* at 152 (since contribution is available, indemnity should not be extended); Comment, 10 St. Mary's L.J., *supra,* at 592–93, 597 (all or nothing concept of indemnity does not result in equitable allocation of loss among negligent tortfeasors).

In Wisconsin, where the doctrine of comparative negligence was first adopted, common law indemnity is no longer available between joint tortfeasors in negligence cases. In *Pachowitz v. Milwaukee & Suburban Transp. Corp.,* 56 Wis.2d 383, 202 N.W.2d 268 (1972), the court held that the all or nothing result of granting one tortfeasor full indemnity over and against another tortfeasor was inconsistent with Wisconsin's comparative negligence statute which provided for contribution between tortfeasors based on their comparative negligence. The court said:

> Such an all-or-nothing result between negligent co-tort-feasors would be contrary to the Wisconsin concept of imposing liability and awarding recovery in proportion to the percentage of causal negligence attributable to each of the co-tort-feasors.

*Id.* 202 N.W.2d at 270. We agree with the reasoning of the Wisconsin court and hold that the common law right of indemnity is no longer available between joint tortfeasors in negligence cases. Therefore, we hold that the trial court erred in granting Central indemnity over and against B & B and in refusing to allow B & B contribution from Central in proportion to the negligence attributed to Central by the jury.

Our holding is not intended to bar indemnity in cases in which there is a contractual basis for indemnity or cases in which one party's liability is purely vicarious. We express no opinion whether this holding would extend to a strict liability case or a case involving a combination of negligent and strictly liable tortfeasors.

*Central Freight Line's Application*

■ In its application for writ of error Central argues that the jury's failure to find Central's driver, Wilburn, negligent in failing to keep his vehicle completely within the right half of the roadway rendered immaterial the jury's answer to the broad negligence issue inquiring about lookout, application of brakes, and rate of speed. Special issue 1 inquired whether Wilburn was negligent on the occasion in question,

and special issue 2 inquired whether such negligence was a proximate cause of the accident. The jury answered these issues affirmatively. In connection with special issues 1 and 2 the trial court instructed the jury that it should confine its deliberation to consideration of lookout, application of brakes, and rate of speed.

Special issue 4 inquired whether Wilburn was negligent in failing to keep his vehicle within the right half of the roadway. The jury answered this issue negatively. In connection with special issue 4 the trial court instructed the jury that Wilburn's failure to keep his vehicle on the right half of the roadway could be excused if this failure was caused by the mud deposits. The jury's answer to special issue 4 did not excuse the negligence found by the jury in special issues 1 and 2, nor did it make the answers to special issues 1 and 2 immaterial. The issues inquired about separate acts or omissions of negligence, and the trial court carefully so instructed the jury.

■ Central also argues that there is no evidence to support the jury's answers to special issues 1 and 2. We disagree. There is sufficient evidence to support the jury's findings. *See Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

We reverse the judgment of the court of civil appeals and remand the cause to the trial court for rendition of judgment in accordance with this opinion.