**Vera T. JAIMES, Appellant,**

v.

**The CITY OF HOUSTON, et al, Appellee.**

**No. A14–84–528CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 21, 1985.

Rehearing Denied March 28, 1985.

Joe D. Roth, Perdue, Turner & Berry, Houston, for appellant.

John B. Wallace, Talbert, Giessel, Stone, Barker & Lyman, William T. Fiddes, Jr., James W. Hill, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This case requires us to determine whether one tortfeasor has an action for contribution against another tortfeasor under TEX.REV.CIV.STAT.ANN. art. 2212a, § 2(b), where the first tortfeasor was found 60% negligent and the latter was found 40% negligent.

Vera T. Jaimes (Jaimes or appellant) and Edward Syzdek were involved in an inter-sectional car accident. Each sued the other. Both also sued the City of Houston (the City or appellee). Jaimes took a nonsuit against Syzdek at the close of her case-in-chief. Syzdek did likewise against Jaimes. The City, whose traffic light had malfunctioned in connection with the accident, was found by a jury to have been 60% negligent. Jaimes was found 40% negligent. Syzdek was found 0% negligent.

The trial court determined the damage awards as follows: as a result of her action against the City Jaimes was entitled to 60% of her total damages of $6,600.00, since she was 40% negligent and the City 60%. That amount came to $3,960.00. Syzdek, at 0% negligent, was entitled to the whole of his damages of $18,400.00 with interest, or $18,752.88. The judgment recited that the City was to pay Syzdek the whole amount. Jaimes then would reimburse the City for 40% ($7,501.15) of Syzdek's damages. Thus Jaimes was to pay the City $7,501.15 less $3,960.00 (her own damages), or $3,541.15.

Jaimes brings two points of error on appeal. In the first she contends that under Article 2212a, Section 2(b), the City is not entitled to contribution from her because its negligence exceeded hers. In the second she argues that the City is not entitled to contribution without proof that it had in fact paid the amount of Syzdek's judgment. We affirm.

TEX.REV.CIV.STAT.ANN. art. 2212a (Vernon Supp.1985) states, in pertinent part:

Contribution among joint tort-feasors

Sec. 2(a) In this section:

(1) "Claimant" means any party seeking relief, whether he is a plaintiff, counterclaimant, or cross-claimant.

(2) "Defendant" includes any party from whom a claimant seeks relief.

(b) In a case in which there is more than one defendant, and the claimant's negligence does not exceed the total negligence of all defendants, contribution to the damages awarded to the claimant shall be in proportion to the

percentage of negligence attributable to each defendant.

(c) Each defendant is jointly and severally liable for the entire amount of the judgment awarded the claimant, except that a defendant whose negligence is less than that of the claimant is liable to the claimant only for that portion of the judgment which represents the percentage of negligence attributable to him.

Appellant argues that for purposes of the City's cross-claim against her, the City must be considered a "claimant" and Jaimes a "defendant." This argument is superficially appealing, since subsections (a)(1) and (a)(2) of Section 2 appear to include cross-claimants in the definition of "claimant." Under appellant's construction of the statute, she is a "defendant" from whom the City "seeks relief."

Jaimes argues further that under subsection (b), since the claimant's (the City's) negligence exceeded that of the "defendant" in the cross-claim (Jaimes), no contribution against her should be allowed. Appellant's argument suffers from several weaknesses. First, appellant's interpretation of the statute is self-destructive. If, as appellant argues, the City is the claimant within subsection (b) and Jaimes is the defendant, then, the action against Syzdek having been dismissed, Jaimes is the only remaining defendant. But subsection (b) expressly provides that it applies only to cases in which there is more than one defendant. Appellant's version of subsection (b) thus logically results in its own inapplicability.

If appellant attempts an about-face, saying that the City is still a defendant and thus there is more than one defendant, then the City's negligence (60%) would not exceed the total negligence of all defendants (100%). The City as "claimant" would be entitled to contribution "in proportion to the percentage of negligence attributable to each defendant": 40% from Jaimes and 60% *from itself*. We doubt that the Legislature intended such a construction.

Appellant attempts to explain the situation which would result from its argument by reminding us that art. 2212a establishes a modified, as opposed to a pure, comparative negligence system. It is natural under such a system, appellant argues, that Jaimes, whose negligence was less than 50%, could recover from the City, but that the City, whose negligence exceeded 50%, cannot recover from Jaimes. The 51% Bar rule, in appellant's view, makes the rights of the parties unequal.

Appellant's application of the word "claimant" would only result in the destruction of the very comparative negligence system on which it purports to rely. As applied to this case, forbidding contribution would shift the entire burden of loss from Jaimes to the City, thus resurrecting the all-or-nothing aspect of common law indemnity. That doctrine, which allowed complete indemnity by a tortfeasor in the position of Jaimes against a tortfeasor which had breached a duty to the (former) tortfeasor as well as to the plaintiff, was abolished in *B & B Auto Supply v. Central Freight Lines, Inc.*, 603 S.W.2d 814, 816–17 (Tex.1980). Furthermore, to refuse contribution in this case would violate the basic policy of art. 2212(a), which is to apportion all damages in relation to the percentage of fault found by the jury. *Cypress Creek Utility Service Co. v. Muller*, 640 S.W.2d 860 (Tex.1982).

Any difficulty in interpreting the word "claimant" within art. 2212a is completely resolved by the words of the statute itself. Subsection 2(b) sets forth the formula for the determination of "contribution to the *damages* awarded to the claimant." (Emphasis added). The word "damages" denotes "a sum of money awarded to a [party] injured by the tort of another." RESTATEMENT (SECOND) of TORTS § 12A (1965). The City was not injured in this case. It sustained no property damage. It has not sought to recover damages from Jaimes. Instead it seeks contribution toward an award paid to Syzdek for *his* damages. Therefore, since the City has not sought the type of recovery that a claimant is implicitly assumed to have sought in

subsection 2(b), it is not a claimant for purposes of this case.

If in the course of the accident appellant's car had damaged a city-owned fire hydrant, and the City had sued her and Syzdek in a cross-claim for the damage to the hydrant, appellant's argument would have application. The City would be a claimant under subsection 2(b), and the 51% Bar rule would indeed preclude recovery *of damages* by the 60%-negligent City.

When, however, a cross-claimant seeks only contribution and thus cannot fulfil the role of a claimant under subsection 2(b), the word "claimant" necessarily refers back to the party or parties seeking damages in the case. Here that party is the plaintiff Syzdek. Thus understood, subsection 2(b), as applied to this case, reads as follows:

"... contribution to the damages awarded to [Syzdek] shall be in proportion to the percentage of negligence attributable to [the City and Jaimes, respectively]."

Such a reading is in total harmony with the policy announced in *Cypress Creek* that all damages should be apportioned in relation to the percentage of fault found by the jury. The trial court, having correctly applied the law in this case, did not err in allowing contribution. Appellant's first point of error is overruled.

Appellant's second point of error has been rendered moot. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.