JOHANNA BECKER, Appellant, *v.* CLEMENTE LISCIO and Another, Respondents.

JOHN BECKER, Appellant, *v.* CLEMENTE LISCIO and Another, Respondents.

First Department, June 8, 1928.

Negligence — what constitutes — defendants had excavated under sidewalk and covered excavation with planks — plaintiff wife, while walking over planks in night time, caught her foot and was injured — place of accident was dark and there were no red lights or other warning signals — error to direct verdict for defendants — notice of defect in planking was not required — photographs taken within forty hours after accident and prior to any change, were admissible.

One of the plaintiffs, the wife of the other, while walking over planking covering an excavation under a sidewalk, caught her foot and suffered injuries. The accident occurred in the night time at a place which was dark. There were no red lights nor any other warning signals at the place of the accident. It was error for the court to direct a verdict for the defendants, for the plaintiffs' evidence established a *prima facie* case of negligence.

It was not necessary that the defendants be notified of any defect in the planking over the excavation, since the defendants created the condition themselves and were under the duty to maintain the excavation in a safe condition until the sidewalk was restored to the condition in which it was prior to the excavation. If notice were necessary, the facts justified the inference that the defendants had knowledge of the defect in the planking.

It was error to strike from the evidence photographs of the planking which were taken within forty hours after the accident, in view of the fact that it was shown that there had been no material change in the planking from that which existed at the time of the accident and when the photographs were taken.

APPEAL in each of the above-entitled actions by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 29th day of November, 1927.

*Peter Klein* of counsel [*August P. Klein* with him on the brief; *Klein, Kinsley & Klein,* attorneys], for the appellants.

*F. A. W. Ireland* of counsel [*Ireland & Caverly,* attorneys], for the respondents.

McAVOY, J. Judgments were directed in these cases for defendants in negligence actions for personal injuries. The actions were

tried together, one for damages to an injured wife, and the other for loss of her services brought by her husband.

The defendants were engaged in building operations and excavated under the sidewalk twenty-two feet below the level of the street for the purpose of making a sewer connection. This excavation was covered over with planks at the time of the accident.

The plaintiff showed that while she was walking past the premises her left foot became caught in a hole under one of these planks, causing her to sustain injuries. She said it was dark and that there was no red light or any other warning signal at the scene. She was corroborated by one Catherine Taylor who saw her fall and observed the conditions surrounding the precise scene, although not able to identify the hole.

There was no testimony offered by defendants to contradict plaintiff on the question of the absence of red lights or other warning.

The complaints charged the absence of lights and referred to section 3 of article 1 of chapter 23 of the Code of Ordinances of the City of New York, which requires lights where obstructions, railings or fences or building material or any other obstacles to pedestrian transit in the street are present.

We think that it was error to direct a verdict in view of the whole proof submitted here. There was sufficient *prima facie* evidence of negligence. There was no notice required of any defect in respect of the planking put over the opening where the sidewalk customarily used by pedestrians had been disturbed, since defendants created the condition themselves; but if any notice was necessary, there was testimony which gave ground for an inference of constructive notice. The general condition shown was sufficient to warrant the inference that knowledge of the defect in the walk would have been discovered by a reasonably diligent inspection. The photographs themselves show a condition which would give notice of some defect. The condition complained of was not due to the ordinary wear and tear on the highway, but was caused by the affirmative acts of the defendants who were using the city's streets for private purpose. The defect complained of was not hidden, but was visible to the eye, and a casual inspection would have revealed its danger. A contractor who is using the city streets for his own benefit owes to the public a duty of maintaining the highway in a safe and secure condition, and this duty continues until he restores the street to its previous condition.

Where the accident is caused by the unfinished and imperfect condition in which the contractor leaves the city streets, notice of the defect is not necessary to a recovery. The contractor created the condition and there was no reason to notify him of

First Department, June, 1928.          [Vol. 223, App. Div.]

his own acts.  The restoration of a pavement, after such opening, to its original condition is an affirmative obligation, and the question in such a case is whether such duty has been complied with.  The street was opened and made dangerous for a lawful purpose.  The safety of the public, however, using the streets requires that while the excavation is open, it must be suitably barricaded or denoted by warning lights, and when filled in must be taken care of until it is permanently restored to its proper condition.

The photographs should not have been struck from the evidence, as they were shown to have been taken within forty hours after the accident, and the then condition was not shown to have been materially changed from that which existed at the time of the accident.

We think that the judgments should be reversed and a new trial ordered, with costs to the appellants to abide the event.

DOWLING, P. J., FINCH, MARTIN and PROSKAUER, JJ., concur.

In each case: Judgment reversed and new trial ordered, with costs to the appellant to abide the event.