CHARLES W. ADAMS, Appellant, *v.* MISENA REALTY COMPANY, INCORPORATED, Respondent.

First Department, December 8, 1933.

*Lyman A. Spalding* of counsel [*Frost & Howell*, attorneys], for the appellant.

*Alvin R. Cowan* of counsel [*Harold M. Phillips*, attorney], for the respondent.

UNTERMYER, J. At five-thirty in the afternoon of February 1, 1932, the plaintiff, employed by Burns Brothers as a coal shoveler or trimmer, rode to the defendant's building with two other employees on a coal truck for the purpose of delivering coal. On arrival at the building, they made their presence known to the defendant's janitor, Schlecht, who thereupon receipted for the coal. Schlecht directed the coal to be unloaded over the scuttle hole in the sidewalk and then led the plaintiff, who had never been at the premises, into the cellar to instruct him where the coal was to be stored. After proceeding from one hallway to another, Schlecht led the way to a hall or passage, at one end of which was the areaway where the coal was delivered, and at the other end of which was the boiler room where it was to be placed. At this point Schlecht opened a door and, returning to the plaintiff, said: " That is the door. Go right through and you will see the coal

hole." The plaintiff took his shovel, and immediately after passing through the door fell into a hole in the concrete, sustaining the injuries for which this action is brought. This hole was about seven inches deep and about three feet in width and length. The only artificial light was about thirty feet distant, and, on account of the obstruction of the coal in the chute and the time of the day, there was very little other light at the point where the accident occurred.

Schlecht, called as a witness for the plaintiff to prove that he was the janitor at the time of the accident and that he had signed a receipt for the coal, testified that he did not remember seeing the plaintiff at the premises. Notwithstanding this, the plaintiff's presence at the premises was established not only by his own testimony but by the testimony of the two employees of Burns Brothers, with whom he had arrived. There was also evidence, uncontradicted by the defendant, that the defective condition of the concrete had existed for at least one month before the accident, and the character of the hole in the concrete as disclosed by a photograph in evidence was such as to justify an inference of constructive notice. (*Becker* v. *Liscio*, 223 App. Div. 698.)

The case was tried as a non-jury cause. The defendant offered no proof except upon the character of the plaintiff's injuries. After both parties had rested, the court dismissed the complaint, stating that the defendant was not negligent and that the plaintiff was guilty of contributory negligence. Upon the present record, we think these findings are against the weight of the evidence. The plaintiff was in the position of a business visitor to whom the defendant owed a duty to maintain the premises in a reasonably safe condition, or, at least, to give warning of hidden danger. (*Haefeli* v. *Woodrich Engineering Co.*, 255 N. Y. 442; *Cheifetz* v. *Hills*, 86 Misc. 7.) Instead, the defendant's janitor instructed the plaintiff to pass through the door leading directly to the hole, without any suggestion that the condition of the floor was not safe. Such conduct justified the plaintiff in assuming that he might proceed in safety and, *prima facie*, relieved him from the imputation of contributory negligence. (*Christensen* v. *Hannon*, 230 N. Y. 205; *Hamblet* v. *Buffalo Library Garage Co., Inc.*, 222 App. Div. 335.)

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.