Kosnar, Respondent, v. J. C. Penney Company, Appellant.

*January 5—February 3, 1959.*

For the appellant there was a brief by *Davis, Soquet & Cherney,* and oral argument by *Allan M. Ross* and *M. E. Davis,* all of Green Bay.

For the respondent there was a brief by *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, and oral argument by *James R. Faulds.*

BROWN, J. The only questions presented to us are the sufficiency of the evidence to sustain such two findings. The appropriate rule then for the appellate court is expressed in *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 109, 62 N. W. (2d) 549, 63 N. W. (2d) 740, as follows:

"It is the well-recognized rule that when a jury's findings are attacked, particularly when they have had the trial court's approval, our inquiry is limited to the issue whether there is any credible evidence that, under any reasonable view, supports such findings. With the rule in mind we consider that it is necessary to recite only the testimony which supports the jury's findings. Some of it is in dispute, but as to the disputed testimony we must recognize that it was for the jury to determine where the truth lies."

So searching the record, we find that the plaintiff testified that he tripped on an obstruction (which he did not see) at

the edge of the mat when, carrying his box in front of him, he passed through the inner door of the vestibule on his way out of the store. He testified, further, that when he got to his feet he saw other people leaving the store and, as they pushed open the inner door in leaving, the plaintiff saw that the door, swinging over the mat, raised the edge of the mat vertically about two inches. Credibility of witnesses and the weight to be given to their testimony are matters for the jury and this testimony alone is sufficient to sustain the jury answer that plaintiff tripped over a curled or turned-up edge of the mat.

The other question concerns the negligence of the defendant in placing the mat in the position which caused the injury. It is undisputed that the mat was placed there by the defendant. Defendant places great reliance on *Boutin v. Cardinal Theatre Co.* (1954), 267 Wis. 199, 64 N. W. (2d) 848, in which recovery was denied to the plaintiff because plaintiff was unable to show that the owner of the theater had, or should have had, previous knowledge that a seat cushion where plaintiff sat down was missing from the seat he was about to use. The *Boutin Case, supra,* differs from this one because it was not the theater proprietor who created the danger. Had the proprietor himself or his agent installed a defective cushion, negligence might properly have been found against him by the jury.

The present defendant installed the mat extending from inner to outer door. Plaintiff's testimony showed that there was insufficient clearance between the surface of the mat and the bottom of the swinging door, which caused the door to push against the mat and raise it. Plaintiff saw this repeated immediately after the accident while other persons used the door.

Reasonable inferences may be drawn by the jury and such inferences sustain a finding such as this one. If the swinging door habitually pushed up the mat immediately

after the accident the inference is reasonable that it did so habitually before the accident. Also, a photograph taken some months after the accident was introduced in evidence and the trial court commented upon the fact that the photograph showed that the surface of the mat was worn or rubbed in that part over which the inner vestibule door swings.

Usually (in the absence of statute) a proprietor may not be held negligent for a defective or hazardous condition when the proprietor or his agent did not create the condition or know of its presence or should have known. An example is *Lundgren v. Gimbel Bros.* (1927), 191 Wis. 521, 210 N. W. 678. That was the accident when a customer in a department store slipped on some salad dressing which was deposited there by persons and causes unknown. It is different when the hazardous condition is created by the defendant himself.

"For obvious reasons, the requirement—that a person have knowledge of the facts out of which the duty arises—applies only to passive as contrasted with active negligence. A person who is actively negligent necessarily has that knowledge. There is no requirement of notice where the condition was created by the party sought to be charged." 1 Shearman and Redfield, Negligence (rev. ed.), p. 48, sec. 21.

In another case illustrating the same principle a contractor placed a defective plank over an excavation. The plank was customarily used for a sidewalk. Plaintiff caught her shoe in a hole in the plank and was injured. The contractor alleged that he had no notice or knowledge of the hazard. The court said that the contractor created the condition and there was no reason to notify him of his own acts. *Becker v. Liscio* (1928), 223 App. Div. 698, 229 N. Y. Supp. 361.

Again, in *Rogers v. J. C. Penney Co.* (1934), 127 Neb. 885, 257 N. W. 252, the court held:

"4. Where the act or omission of a storekeeper creates the dangerous condition in violation of his duty to a customer,

knowledge is not a necessary element of negligence." (Syllabus by court.)

The evidence here shows that it was the defendant which placed the mat in a position with insufficient clearance whereby the danger was created. The evidence sustains the answer to the jury question that the defendant was negligent in so placing and permitting the mat to remain upon the floor.

No other questions are raised on this appeal. The evidence sustains the verdict and the judgment upon the verdict is properly affirmed by the court.

*By the Court.*—Judgment affirmed.