Sposito, Appellant, v. Zeitz and another, Respondents.

*March 2—March 31, 1964.*

160

For the appellant there was a brief by *Phillips, Hoffman
& Phillips* of Milwaukee, and oral argument by *N. Paley
Phillips.*

For the respondent Zeitz there was a brief by *George D.
Young,* attorney, and *Theodore L. Priebe* of counsel, both
of Milwaukee, and oral argument by *Mr. Priebe.*

For the respondent Riemer there was a brief by *Gerold &
Huiras* of Port Washington, and *Kluwin, Dunphy, Hankin
& Hayes* of Milwaukee, and oral argument by *Bernard J.
Hankin* and *Ralph Huiras.*

FAIRCHILD, J.   Plaintiff Sposito founds his case entirely
on alleged violation of the safe-place statute [1] by Riemer or
Zeitz or both.  His theory is that the ladder was an unsafe
part of a place of employment as to which Riemer had a
statutory obligation as owner and Zeitz had a statutory
obligation as an employer.  As to both, Sposito was a fre-
quenter under the statute.

There is no question as to the legal obligation of Sposito's
employer, the Bridge Company, to furnish him with safe

[1] Sec. 101.06, Stats.

employment. Sec. 101.06, Stats., requires an employer, in addition to furnishing a safe place of employment, to "furnish employment which shall be safe for the employes therein . . ." The industrial commission has promulgated rules for safety in construction requiring provision of ladders "for safe and easy access to elevated working levels" [2] and imposing the responsibility for provision and maintenance of the protection required by the code upon the immediate employer unless definitely assigned to another by contract, and properly executed by the assignee. [3] The present action does not, however, concern any obligation Bridge Company might have, by reason of any violation of its duty, under the Workmen's Compensation Act.

1. *The case against Riemer.* Defendant Riemer asserts that he turned the premises over in safe condition to an independent contractor, and therefore is not liable under the safe-place statute for damages produced by changes in the premises thereafter made by the contractor. [4] We are not, however, prepared to say that under the circumstances here present, where the owner did not turn over the premises to the exclusive control of one contractor, but let parts of the work to a number of different contractors, to be performed under the general supervision of an architect, the owner was relieved of all responsibility for dangers which arose after the contractors began to work. Where such dangers arose, however, out of acts of the contractors or resulted from their failure properly to maintain equipment, we think the owner has not violated the safe-place statute until he has had actual or constructive notice of the defect. This is the rule which applies where the danger arises from a failure to maintain or

---

[2] 3 Wis. Adm. Code, sec. Ind 35.25.

[3] 3 Wis. Adm. Code, sec. Ind 35.01.

[4] *Weber v. Hurley* (1961), 13 Wis. (2d) 560, 569, 109 N. W. (2d) 65.

repair [5] or where the hazard was created by someone other than the owner or his agent.[6]

There is no evidence tending to show that Riemer owned or had control of the ladder. He apparently was not aware of its presence, but in any event was not chargeable with knowledge of any defect. The judgment in his favor must be affirmed.

2. *The case against Zeitz.* The jury was asked: "At the time and place in question was the defendant, Bruno Zeitz, negligent with respect to maintaining the ladder as safe as the nature of the place reasonably permitted?" The jury answered "No."

The court had instructed the jury that Zeitz was required to maintain the ladder as safe as the nature of the place would reasonably permit; that in order to find him negligent in that respect, the jury must find he had actual or constructive notice of the alleged defect; [7] that if he did not so maintain the ladder, then the jury must answer that he was negligent; that a safety rule requires inspections of equipment.

Thus the matter was submitted to the jury upon the theory that Zeitz was responsible for the safety of the ladder as part of the place of employment.

The only reference to a question of responsibility for the ladder was as follows:

"There has been considerable testimony in this case concerning one certain ladder that was on the premises in question. The Court will not attempt to comment in any way upon the evidence that has been received. You will notice

---

[5] *Boutin v. Cardinal Theatre Co.* (1954), 267 Wis. 199, 204, 64 N. W. (2d) 848; *Krause v. Veterans of Foreign Wars Post No. 6498* (1960), 9 Wis. (2d) 547, 552, 101 N. W. (2d) 645.

[6] *Kosnar v. J. C. Penney Co.* (1959), 6 Wis. (2d) 238, 242, 94 N. W. (2d) 642.

[7] *Williams v. International Oil Co.* (1954), 267 Wis. 227, 230, 64 N. W. (2d) 817.

that there is no specific question in the special verdict inquiring into the ownership of said ladder, and this was done because there was no evidence presented as to such ownership. You will, however, consider the use and control of said ladder by the employees of both the defendant, Zeitz, and by the plaintiff, and the employees of the Milwaukee Bridge Company, and in so doing you will rely upon your recollection as to what the testimony was in this regard."

The jury was not told to answer the question as to Zeitz's negligence "No" if the Bridge Company had the ladder under its control with the Zeitz employees merely borrowing it upon occasion, and we do not so construe the answer. Upon the basis of the evidence of use and control previously referred to, it seems improbable that the jury would have drawn the inference that the Bridge Company rather than Zeitz was responsible for the ladder.

We conclude that the jury found that the defect in the ladder was a matter of maintenance which inspection would not have revealed.

The testimony was that one end of the rung sheared off and then the other end broke and that the ladder appeared weather-beaten. It had been used without accident for ten days, and the defect was not obvious. Although Zeitz's men admitted the ladder had not been inspected, there was no testimony what a reasonable inspection would probably have revealed, and the jury was left to common knowledge and experience in that regard. The ladder was used for a substantial period after the accident with apparently no repair but the makeshift replacement of the broken rung.

On this state of the evidence we cannot find as matter of law that Zeitz, in the exercise of reasonable diligence, should have discovered the defect in time to remedy it.

It follows that the verdict adequately disposed of the issue, and judgment thereon should be affirmed.

*By the Court.*—Both judgments affirmed.