Thomas E. DOYLE, Jr., Plaintiff-Appellee,

v.

NELS JOHNSON CONSTRUCTION COMPANY, Defendant-Appellee,

and

Case Foundation Company, Defendant-Appellant.

No. 16074.

United States Court of Appeals Seventh Circuit.

Sept. 14, 1967.

John F. Jenswold, Robert R. Studt, Madison, Wis., for appellant.

Eugene O. Gehl, Roland B. Day, W. L. Jackman, Madison, Wis., for appellee.

Before DUFFY, Senior Circuit Judge, KILEY and FAIRCHILD, Circuit Judges.

FAIRCHILD, Circuit Judge.

Action for personal injury caused by an accident at a construction site in Wisconsin.[1] Defendant Nels Johnson Construction Company was the general contractor. Defendant Case Foundation Company was a subcontractor for the purpose of drilling caisson holes. Plaintiff Doyle was employed by Warzyn Engineering Company, which had been employed by the owner to inspect the caisson holes. Doyle is a soil technician.

Plaintiff Doyle inspected a hole which Case had drilled. He was injured while being lifted out of the hole by a drilling rig operated by Case. The rig has a vertical shaft, called a Kelly bar, which projects downward from a gear box. The gear box is about 5 feet above ground level. When a hole is being drilled, an auger is fastened at the lower end of the Kelly bar. The Kelly bar is used without the auger, at times, to lower a man into a hole, and lift him out. At such times a Kelly bolt is inserted through the Kelly bar near its bottom and the bolt projects on each side of the bar. Sometimes the man stands on the bolt as the bar is raised or lowered. Sometimes he grasps the bolt with his hands and hangs below it.

Doyle hung by his hands. As he was lifted out of the hole, he did not let go of the bolt until it was raised high enough to crush both his index fingers between the bolt and the gear box.

Plaintiff originally asserted that both Johnson and Case were liable to him, although he later moved for dismissal of Johnson. Case asserted that if it is liable to plaintiff, it is entitled to contribution from Johnson. The district court dismissed all claims against Johnson.

Plaintiff alleged that Case (and, originally, Johnson) had failed to furnish a safe place of employment. It is conceded that the construction site was a place of employment under sec. 101.06, Wis.Stats., the safe place statute, Johnson and Case were both employers, Johnson had the control typical of a general contractor, and Doyle was, as to Johnson and Case, a frequenter.

Plaintiff claimed (1) that Case violated an order of the industrial commission requiring a machine of this type to be guarded against this type of injury, (2) that Case violated another order forbidding the lowering and hoisting of men by any method other than by cage, ladder, or stairway, without first obtaining approval from the commission, and (3) that Case was negligent because the operator of the machine was inexperienced, and because he operated it carelessly when lifting plaintiff.

The district court found, as a matter of law, that Case had violated the two orders mentioned, and that such negligence was a cause of the accident. He concluded that the evidence presented a jury question whether Case was negligent in other respects. He submitted a form of special verdict, in which he had answered the first two questions in order to reflect his findings of causal negligence as a matter of law. The court instructed the jury that in answering the comparison question they were not to give any greater or lesser weight to the court's findings of causal negligence than they would give to similar findings made by them. The verdict returned read as follows:

"We, the jury in the above entitled action, having been duly impanelled and sworn to try the issues, find for our special verdict as follows:

"Question 1: At and immediately prior to the time of the accident, was the defendant Case Foundation negligent in that it had violated an order of

---

1. Jurisdiction is founded on diversity.

the Industrial Commission of Wisconsin requiring that machine parts having a reciprocating or oscillating motion, such that a shearing or crushing hazard is created, shall be guarded, and in that it violated an order of the Industrial Commission of Wisconsin requiring approval by the Commission of any method of lowering or hoisting men in a caisson other than by a cage, ladder, or stairway?

"Answer: Yes (Answered by the Court)

"Question 2: If your answer to Question 1 is 'Yes', then answer this question: Was such negligence a cause of the accident?

"Answer: Yes (Answered by the Court)

"Question 3: At and immediately prior to the time of the accident, was the defendant Case Foundation Company negligent through its employees, agents or servants in the operation of the drilling rig involved in this accident, in any respect other than those covered by Question 1 above?

"Answer: Yes

"Question 4: If your answer to Question 3 is 'Yes', then answer this question: Was such negligence a cause of the accident?

"Answer: Yes

"Question 5: At and immediately prior to the time of the accident was the plaintiff Thomas E. Doyle, Jr., negligent?

"Answer: Yes

"Question 6: If you answer question 5 'Yes', then answer this question: Was such negligence a cause of the accident?

"Answer: Yes

"Question 7: If you answer question 5 and 6 'Yes', then answer this question: Taking all of the negligence involved in the accident as being 100%, what portion of such negligence, if any, do you attribute to:

"(a) Case Foundation Company? 95%

"(b) Thomas E. Doyle, Jr.? 5%

"Question 8: What sums of money will reasonably compensate the plaintiff for his injuries in:

"(a) Medical expense incurred to date? $242.60

"(b) Loss of earning incurred to date? $520.00

"(c) Personal injuries? $38,-000.00."

Judgment was entered on the verdict and Case appealed.

1. *Form of verdict.* Case argues that the court should not have submitted two separate questions as to Case's negligence, and that in doing so the court encouraged the jury to show passion and prejudice, reflected in the damage award.

The problem faced by the district court is not unusual. A plaintiff conclusively proves an act or omission of defendant which constitutes causal negligence as a matter of law. He also produces evidence which will support, but not compel, a finding that defendant has also been causally negligent in some other respect. There is also a jury question whether plaintiff has been causally negligent. If the jury finds plaintiff negligent, there must, under Wisconsin law, be a comparison of all the causal negligence of plaintiff with all the causal negligence of defendant, including that which was found as a matter of law and that, if any, which the jury found by resolving issues of fact.

We think that the form of verdict used by the district court in this case provided a good solution of the problem of assuring an appropriate comparison of all causal negligence of each party, and find no prejudice to defendant Case's position.

2. *Damages.* Case argues that the $38,000 award for all elements of damage other than past medical expense and past wage loss was excessive.

Doyle's index fingers were, as the treating doctor put it, "squeezed off." The bone above the most proximal bone had been crushed. There was severe

pain, relieved by morphine at the hospital. The stumps remain sensitive. The stumps are of little use. They could be removed surgically; this would improve the looks of the hands and increase dexterity, but would sacrifice power in the grip.

Doyle was trained for and works as a draftsman, surveyor, and soils mechanic. His loss makes all these tasks more difficult. Doyle was 27 years old at the time of trial. Although his wages had increased between the time of the injury and the time of trial, there was apparently credible testimony by his supervisor that if it were not for Doyle's handicap, he could be making from $45 to $145 more per month. His life expectancy was 37.43 years (longer if tables other than the American Experience table be used.) Plaintiff demonstrates, mathematically, that the present value of an annual loss of $1740 for 37 years is $33,308.82.

There is evidence that plaintiff's disfigurement causes him embarrassment in social situations. It was also shown that plaintiff had some ability to play piano, piano accordion, and cornet, and that he can no longer do so. The loss of his index fingers also interferes with various sports he enjoyed, with his hobby of model ship building, and with household repair chores. The district court considered the verdict well supported and not excessive.

■ We consider the award within the range of reasonably debatable amounts.

3. *Liability of Johnson.* Plaintiff became convinced he had no case against Johnson, and is satisfied with his judgment against Case. Case argues, however, that Johnson was liable to plaintiff and is therefore liable to Case for contribution.

We think that Johnson may well have been liable to plaintiff, although, as will be seen, we do not think it follows that Johnson must contribute to Case. Johnson was an employer under the safe place statute, was general contractor and had the control over the project the owner would have had, and as such had a duty to keep the site safe, even though the caisson holes were under the immediate control of its subcontractor.[2]

Johnson was not, however, liable except as it had actual or constructive notice of the danger.[3]

There is evidence here that Johnson had notice that Case was using the Kelly bar to raise and lower men. This was a violation of the safety order, since there was no approval by the commission. There was no evidence, however, of notice to Johnson that the particular machine being used at the time of the accident was not guarded, nor that the operator was inexperienced, or negligent. Thus any liability of Johnson is predicated upon its failure to insist that Case stop the method it was using for raising and lowering the men. We think it clear that in the particular circumstances of this case it would not have been practicable for Johnson to furnish a means of access to these holes and that the method of lowering and lifting men had to remain in the immediate control of Case.

■ In Wisconsin, one who pays plaintiff a liability arising out of one's negligence has a right to contribution from another who sustained a common liability to plaintiff arising out of the other's negligence.[4]

■ We conclude here, however, that an exception would be recognized because of the peculiar situation where the negligence of the other consists solely of failure to prevent the negligent practice

2. See Globig v. Greene & Gust Co., 201 F.Supp. 945, 949, (E.D.Wis.1962), aff'd 313 F.2d 202 (7th Cir. 1962); Mickelson v. Cities Service Oil Co., 250 Wis. 1, 6, 26 N.W.2d 264 (1947); Lee v. Junkans, 18 Wis.2d 56, 61, 117 N.W.2d 614 (1962).

3. Lee v. Junkans, supra, p. 61; Sposito v. Zeitz, 23 Wis.2d 159, 162, 127 N.W.2d 43 (1964).

4. Ellis v. Chicago & N. W. R. Co., 167 Wis. 392, 409, 167 N.W. 1048 (1918). See Bielski v. Schulze, 16 Wis.2d 1, 114 N.W.2d 105 (1962).

of the one. As stated by the district court, Johnson's liability "would rest entirely on its failure to stop Case from doing what Case was doing. And, under these circumstances, I think that Case has no standing whatever to demand that Johnson either indemnify Case for its liability to Doyle nor does Case have a standing to require that Johnson contribute to the damages which Case must pay to Doyle."

The situation does not fall exactly within any of the type situations where one party held liable is entitled to indemnity from another, as listed by Dean Prosser,[5] although it falls near the class where the indemnitee "is held responsible solely by imputation of law because of his relation to the actual wrong doer, as where an employer is vicariously liable for the tort of a servant, or an independent contractor."

We consider this a case where, if plaintiff had chosen to collect from Johnson, Johnson could have had indemnity from Case, and where, since plaintiff chose to collect from Case, Case can not recover contribution from Johnson.

This conclusion is supported by a statement made, *arguendo*, in a 1941 decision of the Supreme Court of Wisconsin.[6] There an owner who had retained control of the premises had been held liable under the safe place statute because it had failed to remedy a dangerous condition created by a subcontractor. The owner then sought to recover indemnity from the subcontractor on a contract of indemnity. In disposing of an argument concerning the interpretation of the contract, the court said:

"The first is that it may have been intended to cover liability arising out of non-delegable duties, where in fact the fault was wholly that of Worden [subcontractor], but because of a non-delegable character of the duty Seaman [owner] would sustain a liability without actual fault. In such a situation,

however, there would be no need for an indemnity contract because Seaman [owner] would be entitled without it to complete indemnity from Worden [subcontractor]. Zulkee v. Wing, 20 Wis. *408, 91 Am.Dec. 425."

In Zulkee v. Wing the court had held that a master could have indemnity from his servant on account of damages paid by the master as a result of the servant's negligence. See Boden, The Problem of Indemnity Under The Safe Place Statute, 40 Marq.L.Rev. 349, 381 (1957).

The judgment is

Affirmed.

---

5. Law of Torts (2d ed.), p. 250, sec. 46, quoted in Jacobs v. General Acc., Fire & Life Assur. Corp. (1961), 14 Wis.2d 1, 9, 109 N.W.2d 462, 88 A.L.R.2d 1347.

6. Hartford Acc. & Ind. Co. v. Worden-Allen Co. (1941), 238 Wis. 124, 129, 297 N.W. 436.