LARSEN and another, Plaintiffs, v. J. I. CASE COMPANY, Defendant: KORNDOERFER CONSTRUCTION COMPANY, INC., Defendant and Appellant: MAGAW ELECTRIC COMPANY, Impleaded Defendant and Respondent: HENRY NIELSEN IRON WORKS, INC., Impleaded Defendant.

*January 2—January 30, 1968.*

518

"...

For the appellant there were briefs by *La France, Thompson, Greenquist, Evans & Dye* and *Alfred E. La France* and *Adrian P. Schoone,* all of Racine, and oral argument by *Mr. Schoone.*

For the respondent there was a brief by *Heft, Coates, Boggs & Heft* and *Carroll R. Heft* and *Robert H. Bichler,* all of Racine, and oral argument by *Mr. Carroll R. Heft* and *Mr. Bichler.*

HANLEY, J.   The court has repeatedly held that the sole liability of an employer because of the injury of an employee in the course of his employment, either to the employee or to anyone else, is under the Workmen's Compensation Law.  *Algrem v. Nowlan,* ante, p. 70, 154 N. W. 2d 217; *Engel v. Bindel* (1965), 27 Wis. 2d 456, 134 N. W. 2d 404; *A. O. Smith Corp. v. Associated Sales & Bag Co.* (1962), 16 Wis. 2d 145, 113 N. W. 2d 562.  It has been recognized, however, that the rule of no liability of the employer over and above that imposed by the Workmen's Compensation Act does not apply in the case of an express agreement for indemnification.

Magaw contends that since the Workmen's Compensation Act is the exclusive remedy as to it, if Korndoerfer can be held liable to the plaintiff, it will be because of its own separate negligence and that under the rule of *Mustas v. Inland Construction, Inc.* (1963), 19 Wis. 2d 194, 120 N. W. 2d 95, 121 N. W. 2d 274, the indemnity contract cannot be construed to require it to indemnify Korndoerfer for the latter's own negligence.

In *Mustas* the plaintiff, an employee of a subcontractor, sued Froedert-Mayfair, the leaseholder, and Inland Construction, Inc., the general contractor, for injuries he sustained in falling on ice in a building under construction.  Inland and Froedert-Mayfair impleaded subcontractors F. Rosenberg Elevator Company and Westinghouse Electric Corporation for indemnification pursuant to a written agreement.  The trial court dismissed the suit against Froedert-Mayfair and Rosenberg.  Trial was had to a jury on the liability of Westinghouse and Inland to the plaintiff for negligence.  The jury found Inland 100 percent negligent.  The issue was whether under an express contract of indemnity the indemnitor would be liable if the negligence was solely that of the indemnitee.  The court held that it would not because the contract did not specifically provide for indemnification for the indemnitee's sole negligence.

Here, however, there has been no trial. It is not known whose negligence caused the plaintiff's injuries. Magaw in effect is asking the court to declare *Mustas* applicable in any and all situations where Korndoerfer is negligent. This approach was foreclosed by the decision in *Hartford Accident & Indemnity Co. v. Worden-Allen Co.* (1941), 238 Wis. 124, 297 N. W. 436, at least insofar as the indemnitor's negligence is the only active negligence in the case. There the Seaman Body Corporation let a contract to Permanent Construction Company to construct a building on its premises. Criswell, an employee of Worden-Allen, one of the subcontractors, touched an iron column being erected by his employer and received an electric shock when a metal cable extending from the boom of a derrick used in erecting the column either came in contact with the uninsulated wire of a power line maintained by Seaman on the premises or came so close as to cause an arc to form between the wires and the cable. The court stated as follows at pages 128 and 129:

". . . By the violation of a safety order governing the manner in which its boom was operated in relation to the power wires, Worden was guilty of misconduct having a causal relation to Criswell's injuries, but it sustained no tort liability to Criswell who, as its employee, was entitled only to compensation under the Workmen's Compensation Act. By reason of its failure to move the wires, Seaman sustained a liability to Criswell under the safeplace statute. It is now claimed that plaintiff, which stands in the shoes of Seaman, is not entitled to be indemnified under this contract for any injuries to which Seaman's actual default proximately contributed. We do not consider the contention to be sound. If the indemnity is to mean anything, it must include situations in which Seaman has sustained a liability by reason of the building operations. It may very well be that if the injuries had arisen solely out of Seaman's default in some respect, and were not in any way attributable to Worden, there would be no liability under the indemnity agreement. Here, however, the active negligence was that of Worden . . . ."

While the indemnity provision in that case referred to "acts" and not "negligence," this does not affect its applicability to the case at bar, for the subcontractor there was negligent and the issue raised was the effect of the owner's concurrent negligence on the subcontractor's liability for indemnification.

We conclude that summary judgment must be denied because issues of fact remain as to the negligence of both Korndoerfer and Magaw. If Korndoerfer is found negligent only because he violated a nondelegable duty under the safe-place statute and the negligent acts were those of Magaw, then Magaw must indemnify Korndoerfer.

Recently this court decided *Algrem v. Nowlan, supra.* There the lessee of certain premises agreed to indemnify the lessor for all damages he became liable for by reason of the lessee's breach of the lease covenants. An employee of the lessee fell on some ice that had accumulated at the rear entrance of the premises and had received a workmen's compensation award from the lessee. He then sued the lessor alleging negligence in the following respects: (a) Failure to remove the ice from the entranceway or to apply abrasive materials to reduce the slipperiness; (b) failure to construct, maintain and repair the rain gutters so that they failed to carry away water when ice and snow melted, and (c) failure to maintain and repair the gutters so that they leaked water onto the entranceway platform. The lessor impleaded the lessee and claimed indemnity on the basis of the lease agreement. The trial court granted summary judgment to the lessee. The court held that summary judgment should have been denied because it was possible that the lessee breached the repair covenant of the lease and that the plaintiff was injured as a result of his negligence in that respect. The court held that under such a situation the lessee would be required to indemnify the lessor, but the court also stated the following at page 79:

"The allegations of the plaintiff's complaint go beyond allegations of failure to maintain and repair; it is also

alleged that there are unsafe structural deficiencies. The rule of strict construction should be applied so as to relieve Cain-Ashcraft from indemnifying the Nowlans for liability that may arise because of the unsafe structural defects of the building or the negligence, if any, of the Nowlans."

We think that *Algrem* must be interpreted as holding that the lessee must indemnify the owner for any liability the owner sustains as a result of the lessee's failure to maintain and repair because the owner's liability on the facts of that case would be the result of the negligent acts of the lessee in that respect and that the lessee need not indemnify the owner for any damages the plaintiff sustained as a result of structural deficiencies because the owner is the party whose negligence is responsible for those. Further, if the lessor is negligent because of structural deficiencies in addition to being negligent because of his failure to maintain and repair, no indemnification need occur. Thus, in the present case, if the contractor's negligence is at least in part other than that attributed to him as a result of the subcontractor's acts, Magaw need not indemnify him.

We conclude there must be a determination of the issues of negligence before there can be an application of the law of indemnification contracts to the case. These matters should not be determined on summary judgment. The judgment must be reversed.

*By the Court.*—Judgment reversed and cause remanded for trial.

ROBERT W. HANSEN, J., took no part.