Jeffrey J. SCHAUB, and Cathy K. Schaub, Michael Schaub and Daniel Schaub, by their Guardian Ad Litem, William Farrell, Plaintiffs,

v.

WEST BEND MUTUAL, Defendant,

OSCAR J. BOLDT CONSTRUCTION COMPANY and United States Fidelity and Guaranty Company, Defendants-Third Party Plaintiffs-Appellants,

v.

N. J. SCHAUB & SONS, INC., a Wisconsin corporation, and West Bend Insurance Company, Inc., a domestic insurance company, Third Party Defendants-Respondents.†

Court of Appeals

*No. 94–2174. Submitted on briefs May 10, 1995.—Decided June 7, 1995.*

(Also reported in 536 N.W.2d 123.)

†Petition to review denied.

181

On behalf of the defendants-third party plaintiffs-appellants, the cause was submitted on the briefs of *Edward A. Hannan, M. Susan Maloney,* and *Jeffrey L. Janik* of *Godfrey, Braun & Hayes* of Milwaukee.

On behalf of the third party defendants-respondents, the cause was submitted on the brief of *Patrick W. Brennan* and *Jill M. Munson* of *Crivello, Carlson, Mentkowski & Steeves* of Milwaukee.

Before Anderson, P.J., Brown and Nettesheim, JJ.

BROWN, J.   The law in Wisconsin is clear that the immunity from suit enjoyed by employers pursuant to our Worker's Compensation Act may be waived.[1] The issue in this case is whether a comprehensive indemnification agreement whereby a company agreed to accept responsibility for injuries to persons on a jobsite must expressly waive worker's compensation immunity before that company can be exposed to liability when the person injured is an employee of the company. We hold that Wisconsin law does not require the use of specific phrases such as an agreement to be "liable to one's own employees" or to "waive worker's compensation" in order to give up immunity. We reverse the trial court's decision to the contrary.

This action arises out of injuries sustained by Jeffrey J. Schaub in the course of his employment with N.J. Schaub & Sons, Inc. The injury occurred on a construction project in which N.J. Schaub was a subcontractor. Jeffrey received worker's compensation benefits and then started a negligence action against the general contractor, Oscar J. Boldt Construction Company. Discovery conducted to date shows that Jeffrey was in the process of attempting to rock a "scissors lift" free from a hole he had driven it into in the construction area when the scissors lift was propelled into an empty swimming pool guarded by a wooden railing.

---

[1] *See Young v. Anaconda Am. Brass Co.,* 43 Wis. 2d 36, 53-54, 168 N.W.2d 112, 122 (1969).

Boldt brought a third-party action against N.J. Schaub based on the indemnification and insurance paragraph of the subcontract between Boldt and N.J. Schaub which provided in pertinent part:

**Indemnification and Insurance.**

    a.  Subcontractor [N.J. Schaub] agrees to save harmless and defend Owner and Contractor [Boldt] from *any and all claims*, demands, judgments and costs of suit or defense, including attorneys' fees, and *indemnify* and reimburse Owner and Contractor [Boldt] *for any expense, damage or liability* incurred by Owner and Contractor [Boldt] . . . for personal injury . . . arising or alleged to have arisen, whether directly or indirectly, *on account of or in connection with any work done* by Subcontractor [N.J. Schaub] *under this Subcontract . . ..*

   . . ..

    c.  Subcontractor [N.J. Schaub] shall submit to Contractor, within three (3) calendar days of the occurrence of any accident, copies of all reports arising out of any *injuries to its employees* . . . arising or alleged to have arisen on account of any work done by Subcontractor [N.J. Schaub] under the Contract Documents. [Emphasis added.]

The trial court held that because the above agreement did not specifically waive N.J. Schaub's immunity from suit under the Worker's Compensation Act, the agreement had no force and effect in the action by Jeffrey. The court dismissed the third-party complaint by Boldt against N.J. Schaub for that reason and Boldt appeals.

    Boldt contends that the indemnification agreement is clearly written to protect it from liability based on N.J. Schaub's operations. It argues that Wisconsin law does not require a clear and specific waiver of worker's compensation immunity or an express agree-

ment to be liable to the employer's own employees. It cites *Larsen v. J.I. Case Co.,* 37 Wis. 2d 516, 155 N.W.2d 666 (1968), in support. There, the plaintiff was an employee of a subcontractor which had agreed to the following:

> The sub-contractor agrees to indemnify and hold the contractor harmless against all claims against the sub-contractor or the contractor arising out of injuries to any person by reason of the negligence or violation of applicable safety regulations by the sub-contractor.

*Id.* at 518, 155 N.W.2d at 667. The subcontractor's employee sued the general contractor, who then initiated a third-party action against the subcontractor for indemnification. The subcontractor moved for summary judgment, arguing that worker's compensation provided the exclusive remedy against it. The general contractor relied upon the indemnification agreement and argued that if the subcontractor's negligence was a causal factor in the injury, the subcontractor was exposed to liability under the suit. The trial court ruled for the subcontractor. Our supreme court reversed. It held that "the rule of no liability of the employer over and above that imposed by the Workmen's Compensation Act does not apply in the case of an express agreement for indemnification." *Id.* at 520, 155 N.W.2d at 668. Based upon *Larsen,* Boldt asserts that the indemnification agreement in this case passes muster as a waiver of N.J. Schaub's immunity under the Worker's Compensation Act.

In response, N.J. Schaub basically asks this court to ignore *Larsen.* It cites other cases from our supreme court which it claims shows a requirement that the words "employee" or "worker's compensation" be con-

185

tained in the agreement. N.J. Schaub also belittles the reasoning of the *Larsen* case, contending that it was based on two earlier Wisconsin cases where the referenced words *were* contained in the agreement.

We acknowledge the cases cited by N.J. Schaub. It is true that in *Mulder v. Acme-Cleveland Corp.*, 95 Wis. 2d 173, 177-78, 290 N.W.2d 276, 278 (1980), our supreme court wrote that an employer's waiver of immunity from worker's compensation suits must be by "specific and express" agreement. We further acknowledge the cases cited by N.J. Schaub, all of which contained either express references to "employees," or "work[er's] compensation" and "employees."[2]

Still, *Mulder* does not prohibit the kind of contract employed in *Larsen* from passing as a "specific and express" agreement. *See Mulder*, 95 Wis. 2d at 177- 78, 290 N.W.2d at 278. And *Mulder* does not overrule *Larsen* or refer to it. In fact, the *Mulder* court was not even addressing specific contract language, but a constitutional challenge to the exclusive remedy provisions. *Mulder*, 95 Wis. 2d at 176, 290 N.W.2d at 277-78. As pointed out by Boldt, there was no controversy concerning the elements of an express agreement. *Mulder* is of little help in answering whether *Larsen* is still the law. The other cases cited by N.J. Schaub do not help either.

---

[2] The cases are: *Young,* 43 Wis. 2d at 53, 168 N.W.2d at 121-22; *Hintz v. Darling Freight, Inc.,* 17 Wis. 2d 376, 377-78, 117 N.W.2d 271, 272 (1962); *Huck v. Chicago, St. P., M. & O. Ry.,* 5 Wis. 2d 124, 127, 92 N.W.2d 349, 351 (1958); and *Hartford Accident & Indem. Co. v. Worden-Allen Co.*, 238 Wis. 124, 127, 297 N.W. 436, 438 (1941). These cases refer to "employees." The agreement in *Barrons v. J.H. Findorff & Sons, Inc.,* 89 Wis. 2d 444, 449- 50, 278 N.W.2d 827, 829-30 (1979), refers to both "work[er's] compensation" and "employees."

While the agreements in those cases may have expressly indemnified suits by an "employee" or specifically waived "work[er's] compensation," the supreme court did not say that such wording *must* be in an indemnification agreement as a condition precedent to waiver of immunity from suit.[3] We conclude that the cases cited by N.J. Schaub are unpersuasive.

Finally, we acknowledge that the *Larsen* case is twenty-seven years old. We further acknowledge that there are other jurisdictions in the United States which require specific words as a condition precedent to waiver of worker's compensation immunity by an employer. However, as an error-correcting court, we are bound by the case law written by our supreme court. We have no authority to overrule *Larsen*, which we hold is on "all fours" with this case. If N.J. Schaub believes that the *Larsen* case should no longer be the law in Wisconsin, it is for our supreme court to say whether N.J. Schaub is right. For now, *Larsen* controls.[4]

---

[3] We observe that the indemnification agreement in this case requires the subcontractor to report all injuries of N.J. Schaub's employees to Boldt. Boldt argues that even if specific wording must be in the indemnification agreement, the reference to "employees" satisfies the condition. Even though we concede that the issue has merit, we will not reach it in this case since we decide the case on different grounds.

[4] Boldt also argues that the Honorable Mark S. Gempeler, as successor judge to the Honorable Howard Latton, Reserve Judge, had no authority to reconsider Judge Latton's earlier decision agreeing with Boldt's position. Because we decide this case on other grounds, we need not reach this issue. Even if we were to reach the issue, we would hold that Boldt is wrong. *See Dietrich v. Elliott*, 190 Wis. 2d 817, 823-24, 528 N.W.2d 17, 19-20 (Ct. App. 1995).