The CITY OF SHERMAN, Appellant,

v.

RAILROAD COMMISSION OF TEXAS
et al., Appellee.

No. 11758.

Court of Civil Appeals of Texas,
Austin.

May 13, 1970.

Rehearing Denied June 10, 1970.

J. P. Cox, Jr., Sherman, for appellant.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., James H. Cowden, Thomas F. Sedberry, Asst. Attys. Gen., Austin, R. E. Pitts, R. B. Williams, William T. Satterwhite, Michael Fortado, Dallas, Clark, Thomas, Harris, Denius & Winters, Franklin W. Denius, Mary Joe Carroll, Austin, for appellees.

O'QUINN, Justice.

This appeal is from action of the district court dismissing suit for temporary injunction by the City of Sherman to restrain the Railroad Commission of Texas from holding hearings and considering the application of Lone Star Gas Company for an increase in gas rates in Sherman.

We affirm the judgment of the trial court.

Lone Star Gas Company applied to the City of Sherman on September 29, 1969,

for an increase in residential and commercial gas rates within the city. The rate schedule requested was set out in full in a proposed ordinance, made a part of the written application. Attached to the application were exhibits pertinent to the request for increase. The request of Lone Star was for an increase by 19.74 cents per thousand cubic feet in the overall gas rate.

The city council of Sherman held a public hearing on November 17, 1969, at which the Lone Star application was considered, and on the same date passed on first reading an ordinance increasing the gas rate by 8.7 cents per thousand cubic feet. The ordinance was finally passed and approved December 1, 1969, setting the lower rate, but not the rate requested by Lone Star.

Lone Star filed with the Railroad Commission, on December 3, 1969, an appeal from the action of the City of Sherman pursuant to Article 6058, Vernon's Ann.Civ. St.

The statute provides:

" * * * Whenever any local distributing company or concern, whose rates have been fixed by any municipal government, desires a change of any of its rates, rentals or charges, it shall make its application to the municipal government where such utility is located and such municipal government shall determine said application within sixty days after presentation unless the determination thereof may be longer deferred by agreement. If the municipal government should reject such application or fail or refuse to act on it within said sixty days, then the utility may appeal to the Commission as herein provided. * * * " Acts 1920, 36th Leg., 3rd C.S., p. 18, ch. 14, sec. 6; Art. 6058, Vernon's Ann.Civ. Sts.

On the day following the filing by Lone Star of its appeal with the Railroad Commission, the Commission gave notice that the application would be heard January 6, 1970, which notice was amended and corrected on December 5, 1969.

The City of Sherman filed suit on December 29, 1969, in district court in Travis County seeking to enjoin the Commission from holding a hearing and considering the Lone Star application. Lone Star intervened in the suit, and both the Commission and Lone Star filed pleas in abatement seeking to dismiss the case.

The trial court heard the parties on January 2, 1970, and judgment was entered January 12, 1970, sustaining the pleas in abatement, denying temporary injunction and dismissing the cause.

The City of Sherman has perfected its appeal and brings points as follows:

"Petition for injunctive relief against Railroad Commission from considering an appeal from a rate ordinance regulating natural gas rates passed by the City of Sherman upon application to the city by gas company showing that application was acted upon with [sic] the time provided by law and determining the rates and showing that city determine the application and did not fail or refuse to act on it within sixty (60) days afforded basis for issuance of injunction against Railroad Commission for attempting to entertain an appeal from the citys' [sic] action and an [sic] de novo determination of the matters presented."

Under two counterpoints, the Commission and Lone Star urge that the trial court correctly sustained the pleas in abatement and properly denied temporary injunction.

The pleas in abatement were (1) that the Railroad Commission as the administrative body having the legislative function of rate determination is immune from suit without consent of the legislature; (2) that the suit is prematurely brought because the Commission has taken no action on the appeal properly brought by Lone Star after adverse action of the City of Sherman, or after the City's failure to act within 60 days,

as provided by statute; and (3) that the suit is prematurely brought because the Commission has primary jurisdiction and must initially rule upon reasonableness of rates before suit may be brought in court to challenge the ruling of the Commission.

This suit is brought against the Railroad Commission of Texas in its official capacity and as a department of the government of this State. It is a suit against the State of Texas, since it is an attempt to control the Commission's actions while the Commission is acting within the scope of authority conferred upon it by statute. Harrison v. Bunnell, 420 S.W.2d 777 (Tex.Civ.App., Austin, 1967, no writ), and cases cited 420 S.W.2d 779.

Article 6058 clearly provides that if a city fails to act upon an application for a change and increase in gas rates within 60 days after the request is filed, or if the city rejects such request, " * * * then the utility may appeal to the Commission * * *." It is undisputed that the city council of the City of Sherman did not finally pass and approve its ordinance until December 1, 1969, which was 64 days after Lone Star filed its application for an increase in gas rates. The record does not disclose that the delay beyond 60 days after presentation of the application was "deferred by agreement" as allowed by statute, nor is there any contention that action on the request was deferred by agreement. We are of the opinion that the City of Sherman, aside from the question of failing to act within the 60 days, effectively rejected the application of the gas company when the city approved an increase of 8.7 cents per thousand cubic feet, which was 11.04 cents less than the increase of 19.74 cents requested by Lone Star in its application filed September 29, 1969.

■ When Lone Star filed its appeal with the Railroad Commission, the Commission acquired jurisdiction to hear and determine the rate controversy between the City of Sherman and Lone Star Gas Company. Until the Commission has made its determination under its statutory power to make rates, the courts will not entertain suit to interfere with the exercise of this function by the Commission. The doctrine of primary jurisdiction assures the agency, such as the Railroad Commission in this case, that it will not be bypassed on matters committed to it by law. Foree v. Crown Central Petroleum Corporation, 431 S.W.2d 312 (Tex.Sup.1968). The rates ultimately fixed by the Commission are subject to review by the courts to determine whether the rates are unreasonable or unjust to the party complaining. Article 6059, V.A.C.S.

■ The Supreme Court explicitly set out the course to be followed by cities and gas utilities with respect to rate making under Texas statutes in Railroad Commission v. Houston Natural Gas Corporation, 155 Tex. 502, 289 S.W.2d 559 (1956). In that case the Supreme Court held that the legislature delegated to cities the power to fix gas rates in the first instance, and " * * * a dissatisfied party may transfer this legislative function from the city to the Texas Railroad Commission by an appellate process." When the Commission " * * * promulgates a rate appealed to it from a city under Art. 6058, it is governed by and acts within the legislative delegation contained in Arts. 1119 and 1124," the statutes prescribing how cities may determine gas rates. (289 S.W.2d 562, col. 2).

The trial court was correct in sustaining the pleas in abatement and denying any injunctive relief to the City of Sherman and in dismissing the suit.

Judgment of the trial court is in all things affirmed.

Affirmed.