**PUBLIC UTILITY COMMISSION of Texas et al., Appellants,**

v.

**CITY OF CORPUS CHRISTI et al., Appellees.**

No. 5768.

Court of Civil Appeals of Texas, Waco.

Aug. 11, 1977.

Rehearing Denied Sept. 15, 1977.

John L. Hill, Atty. Gen., Joe N. Pratt, Joyce B. Carpenter, Asst. Attys. Gen., Austin, W. N. Woolsey, Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellants.

B. D. St. Clair, McGinnis, Lochridge & Kilgore, Austin, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by the Public Utility Commission of Texas, and Central Power & Light Company from temporary injunction enjoining PUC from enforcing an Interim Rate Order (and the Interim Order Nunc Pro Tunc), and enjoining CPL from charging rates pursuant to such orders. The effectiveness of the temporary injunction was suspended pending final hearing upon CPL posting bond to refund ratepayers if they finally be entitled to same.

CPL gave appellee cities "Statement of Intent" to increase its electric utility rates, (as well as all cities served by its entire system).

Cities not parties here took final action denying the proposed rate increase and CPL appealed to the PUC. This appeal was consolidated with an original CPL application to PUC to raise rural rates. Appellee cities intervened in the consolidated case which was docketed as Docket 91, and which presented the entire CPL system to the PUC. After hearing the PUC by final order in Docket 91 determined rates CPL could charge all classes of customers (inside and outside incorporated municipalities). No motion for rehearing was filed and no appeal taken from such order by appellee cities.

Meanwhile prior to entry of final order in Docket 91 appellee cities finally acted denying CPL's intended rates. CPL appealed each to the PUC, which appeals were consolidated with all appeals (filed subsequent to those docketed in Docket 91) as Docket 167.

CPL moved for an order establishing temporary rates pending final order, and the PUC entered Interim Order setting temporary rates (pending final order) for 86 cities including the 14 cities which are appellees here. Such order recites it was based on the evidence taken in Docket 91 (which was introduced and made a part of Docket 167).

Following the entry of such order appellees did not "file a motion in opposition to it, or to set aside or modify it," as provided for by Rule 052.01.00.067 of the Rules of Practice and Procedure of the PUC.

Appellees filed this action in the District Court of Travis County seeking temporary restraining order, temporary injunction, and permanent injunction against the enforcement of the Interim Order (and the Interim Order Nunc Pro Tunc), by either the PUC or CPL.

As noted, the trial court granted temporary injunction against both PUC and CPL. The trial court based its decision on a determination that the PUC does not have authority to establish temporary rates by in-

terim order in cases appealed to the PUC from municipal regulatory agencies.

PUC and CPL appeal on 6 points contending:

1) The trial court erred in holding that Article 1446c VATS does not authorize the establishment of temporary rates by Interim Order by the PUC in the exercise of its appellate jurisdiction.

2) The trial court erred in granting temporary injunction because the trial court lacked jurisdiction.

Article 1446c, the Public Utility Regulatory Act, provides in part:

"Sec. 2. This Act is enacted to protect the public interest inherent in the rates and services of public utilities. * * * The purpose of this Act is to establish a comprehensive regulatory system which is adequate to the task of regulating public utilities as defined by this Act, to assure rates, operations, and services which are just and reasonable to the customers and to the utilities.

\* \* \* \* \* \*

. "Sec. 3(p). 'Order' means the whole or a part of the final disposition * * * but including * * * ratesetting.

\* \* \* \* \* \*

"Sec. 16. The commission has the general power to regulate and supervise the business of every public utility within its jurisdiction and to do all things, whether specifically designated in this Act or implied herein, necessary and convenient to the exercise of this power and jurisdiction. The commission shall make and enforce rules reasonably required in the exercise of its powers and jurisdiction, including rules governing practice and procedure before the commission * *.

"Sec. 17(a). * * * Each municipality shall have exclusive original jurisdiction over all electric * * * services * * * within its city or town limits.

"Sec. 17(d). The commission shall have exclusive appellate jurisdiction to review orders * * * of such municipalities as provided in this Act.

"Sec. 17(e). The commission shall have exclusive original jurisdiction over electric * * * rates * * * not within the incorporated limits of a municipality exercising exclusive original jurisdiction over those rates * * *.

"Sec. 26(a). Any party to a rate proceeding before the governing body of a municipality may appeal the decision * * * to the commission * * *.

"Sec. 26(e). The commission * * * shall hear such appeal de novo and by its final order shall fix such rates as the municipality should have fixed in the ordinance from which the appeal was taken.

"Sec. 37. Subject to the provisions of this Act, the commission * * * is hereby vested with all authority and powers of the State of Texas to insure compliance with the obligations of public utilities in this Act. For this purpose the regulatory authority is empowered to fix and regulate rates of public utilities * * *.

"Sec. 38. * * * For ratemaking purposes, the commission * * * may treat two or more municipalities served by a public utility as a single class whenever the commission * * * deems such treatment to be appropriate.

"Sec. 42. * * * The regulatory authority shall determine the just and reasonable rates * * * and shall fix the same by order * * *.

"Sec. 43(d). * * * The Regulatory Authority may in its discretion fix temporary rates for any period of suspension under this section. * * *.

"Sec. 69. Any party to a proceeding before the commission is entitled to judicial review under the substantial evidence rule. The issue of confiscation shall be determined by a preponderance of the evidence.

"Sec. 89. This Act shall be construed liberally to promote the effectiveness and efficiency of regulation by public utilities * * *."

The Public Utility Regulatory Act thus gave cities original jurisdiction over rates within their boundaries. Sec. 17(a); gave the PUC original jurisdiction over rates outside the boundaries of an incorporated municipality. Sec. 17(e); and gave the PUC appellate jurisdiction over rate cases of which a city had original jurisdiction. Sec. 17(d).

Section 43(d) of the Act gives the City and the PUC authority to fix temporary rates by interim order in cases over which they have original jurisdiction.

Sections 26(a) and (c) of the Act provide for an appeal from the decision of a city to the PUC, where such appeal will be heard "de novo".

■ And the power to try a case de novo vests a court with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court. *Lone Star Gas Co. v. State*, 137 Tex. 279, 153 S.W.2d 681, 692.

Moreover, the purpose of the Act is to establish a comprehensive regulatory system which is adequate to the task of regulating public utilities, and to assure rates which are just and reasonable to the customers and to the utilities. Sec. 2; and the PUC is given the general power to regulate and supervise every public utility within its jurisdiction and to do all things "whether specifically designated in this Act or implied herein, necessary and convenient to the exercise of this power and jurisdiction". Sec. 16; and the legislature expressly provided that the Act "shall be construed liberally to promote the effectiveness and efficiency of regulation of public utilities". Sec. 89.

■ The power of the PUC to set interim rates is a power necessarily inferred from or incidental to the express power to fix a permanent rate.

We hold the PUC has the implied power to set temporary rates by interim order, in a rate case on appeal from a city having original jurisdiction.

In other states it has been consistently held that a Public Utility Commission which has express power to fix and regulate utility rates, has the implied power to fix an interim rate pending final determination of a permanent rate. *State ex rel. Laclede Gas Co. v. Public Service Commission of Missouri*, Mo.App., 535 S.W.2d 561; *Muskogee Gas & Elec. Co. v. State*, 81 Okl. 176, 186 P. 730, 732; *Chicago Rys. Co. v. City of Chicago*, 292 Ill. 190, 126 N.E. 585, 590; *Omaha & C. B. St. Ry. Co. v. Nebraska State Railway Comm.*, 103 Neb. 695, 173 N.W. 690; *State ex rel. Puget Sound Navigation Co. v. Department of Transportation of Washington*, 33 Wash.2d 448, 206 P.2d 456; *Elliott v. Empire Natural Gas Co.*, 123 Kan. 558, 256 P. 114.

■ Appellees assert the Interim Order invalid because it failed to recite any finding of "imminent peril to the public health, safety, or welfare", and the Nunc Pro Tunc Order which added this finding a nullity because it purports to correct a judicial error rather than a ministerial error.

Section 16(c), Art. 6252–13a requiring a finding of "imminent peril to the public health, safety, or welfare" is applicable only to a final decision by the PUC, and not to an Interim or Temporary Order. The Interim Order is thus valid without such a recitation and finding, and we express no opinion as to the validity of the Nunc Pro Tunc Order.

Contention 1 is sustained.

■ The order of the PUC enjoined by the trial court was an Interim Order. Final order was to follow. The rule is that where an administrative remedy is provided by statute, relief must not only be sought initially from the appropriate administrative agency, but such remedy must usually be exhausted before a litigant may resort to the courts.

■ Since appellees did not exhaust their administrative remedy of proceeding to final order before the PUC, we think the trial court is without jurisdiction to grant the temporary injunction.

*City of Corpus Christi v. Stowe*, Tex.Civ. App. (San Antonio) N.W.H., 338 S.W.2d 767; *Sproles Motor Freight Line v. Smith*, Tex.Civ.App. (Austin) Er.Ref., 130 S.W.2d 1087; *Texas Air Control Board v. Travis County*, Tex.Civ.App., (Austin) N.W.H., 502 S.W.2d 213; *City of Sherman v. Railroad Comm. of Texas*, Tex.Civ.App. (Austin) N.W.H., 454 S.W.2d 762, 764. See also; Art. 6252–13a, Sec. 19(a) VATS; *Lower Colorado River Authority v. Coastal States Gas Producing Co.*, 20 Texas Supreme Court 298.

Contention 2 is sustained.

Moreover, appellants did not avail of their administrative remedy and comply with Rule 052.01.00.067 of the PUC which required appellants to file motion to set the Interim Order aside.

The judgment is reversed, the temporary injunction vacated, and the cause dismissed for want of jurisdiction.

REVERSED AND RENDERED.